IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

MICHELLE PIERCE, )
 )
        COMPLAINANT, )  Case No. 3AN-16-09591 CI
VS. )
 )
ARCTIC CATERING AND SUPPORT, KUUKPIK, )
ARCTIC SERVICES, )
 )
        RESPONDENT. )
_____ )

## COMPLAINT
### AMENDED

COMES NOW, Michelle Pierce, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Michelle Pierce, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Arctic Catering & Support Services, Kuupik Arctic Services, has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

COMPLAINT: PIERCE V. ARCTIC CATERING & SUPPORT         PAGE - 1 -

ISAAC DEREK ZOREA
ATTORNEY & COUNSELOR AT LAW
P.O. BOX 210434
ANCHORAGE, AK 99521
PHONE: (907) 830-1385   FAX: (800) 536-1071

## II. FACTS

2.1. On or about January 20, 2015, Plaintiff Michelle Pierce began working for defendant as a Field Supervisor HSE.

2.2. On or about March 2015, Plaintiff Michelle Pierce was moved into a HSE field Advisor position, a position she would hold until her termination in March 2016.

2.3. Many months after being employer by the defendant, Plaintiff Michelle Pierce was informed by her supervisor that male employees were being paid up to $6.00 an hour more than she was being paid, for doing the same job.

2.4. Concerned by what she learned from her supervisor, Plaintiff questioned upper management concerning the gender pay inequality. She was told by upper management that they would investigate her allegations of pay inequality based on gender.

2.5. Also, while working of defendant, Plaintiff worked many hours of overtime work for her employer. Several months after starting work with defendant, she was told that she could not request payment for overtime hours beyond her scheduled hours of work.

2.6. Plaintiff Michelle Pierce was instructed by her employer to not work overtime hours beyond her normal work schedule, but her employer required and expected her to perform work assignments beyond her regular schedule work hours. The defendants refused to pay Plaintiff for these additional overtime hours, which regularly averaged over twenty hours per week.

2.7. Several weeks after Michelle Pierce discussed with her upper management her concerns that male counterparts were being paid more than she was, defendant laid her off from her employment, then later terminated her employment.

2.8. After being terminated from her employment, Michelle Pierce let her employer know that she had been paid less than her male counterparts, and that she had not been fully paid for her overtime hours.

2.9. As of the date of filing this case, defendant has not fully paid Plaintiff for all hours that she worked nor has defendant corrected the fact that she was not paid as much as her male counterparts.

## CAUSES OF ACTION

### VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 ET SEQ.).

**A. FAILURE TO PAY OVERTIME WAGES**

3.1. Michelle Pierce incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.9.

3.2. Plaintiff Michelle Pierce alleges that she worked overtime hours for her employer Arctic Catering & Support Services, Kuupik Arctic Services, by working hours that her employer required her to work on its behalf, without receiving a payment of one and one half times her normal rate of pay.

3.3. Plaintiff Michelle Pierce further alleges that by failing to pay her overtime wages for all hours that Defendant Arctic Catering & Support Services, Kuupik Arctic Services knew she worked, or had reason to know that she worked, it violated the Fair Labor Standards Act, 29 U.S.C. § 207.

3.4. Plaintiff seeks damages from Defendant Arctic Catering & Support Services, Kuupik Arctic Services for its violations of the Fair Labor Standards Act, as outlined above, which includes payment of her unpaid overtime wages for all hours that she worked, liquidated damages, prejudgment interest, and reasonable attorney fees.

B. **PROHIBITION AGAINST UNEQUAL PAY BASED ON GENDER, 29 U.S.C. § 206(D)**

3.5. Plaintiff Michelle Pierce further alleges that for the work she performed for Arctic Catering & Support Services, Kuupik Arctic Services she received an amount lower than her male counterparts, who performed the same job duties as she performed.

3.6. Plaintiff alleges that Arctic Catering & Services, Kuupik Arctic Services' decision to pay her less than her male counterparts, violated 29 U.S.C. § 206(d).

3.7. Plaintiff seeks damages from Defendant Arctic Catering & Support Services, Kuupik Arctic Services for its violations of the Fair Labor Standards Act, as outlined above, related to its failure to pay her in an amount equal to her male counterparts, as outlined in 29 U.S.C. § 216(b), including liquidated damages, prejudgment interest, and reasonable attorney fees.

C. **PROHIBITION AGAINST UNEQUAL PAY BASED ON GENDER, 29 U.S.C. § 206(D)**

3.8. Plaintiff Michelle Pierce further alleges that when she complained to Defendant Arctic Catering & Support Services, Kuupik Arctic Services, that she was being paid less than her male counterparts, she was retaliated against by being laid off and eventually terminated from her job.

3.9. Plaintiff Michelle Pierce argues that Defendant Arctic Catering & Support Services, Kuupik Arctic Services violated the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), when it chose to lay her off, and eventually fire her, for complaining about its compliance with the Fair Labor Standards Act.

3.10. Plaintiff seeks damages from Defendant Arctic Catering & Support Services, Kuupik Arctic Services for its violations of the Fair Labor Standards Act,

COMPLAINT: PIERCE V. ARCTIC CATERING & SUPPORT             PAGE -4-

for terminating her employment when she questioned her employer's compliance with the FLSA, pursuant to 29 U.S.C. § 216(b), including reinstatement, back pay, liquidated damages, prejudgment interest and actual reasonable attorney fees.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Michelle Pierce, requests judgment against Defendant Arctic Catering & Support Services, Kuupik Arctic Services as follows:

1. Full and complete payment of all unpaid overtime compensation Arctic Catering & Support Services, Kuupik Arctic Services owes Plaintiff for hours she worked at the work site location but was pressured not to mark on her timecard;

2. Full and complete payment of all hours Plaintiff Michelle Pierce worked for Arctic Catering & Support Services, Kuupik Arctic Services in an amount equal to that which her male counterparts received, which is estimated to be an additional $6.00 per hour, for all hours worked including overtime hours;

3. Payment by Arctic Catering & Support Services, Kuupik Arctic Services, to Michelle Pierce of all penalties permitted against it as her employer, specifically pursuant to 29 U.S.C. § 216(b), including reinstatement, back pay, and any penalties and/or liquidated damages permitted under Federal law.

4. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, liquidated damages, and all permitted prejudgment interests on the unpaid wages.

5. Plaintiff Michelle Pierce further seeks reinstatement of her job or liquidated damages equal to what she would have earned had she not been terminated from her employment, going forward for as long as she would have reasonably remained at her job.

6. Plaintiff Michelle Pierce seeks punitive damages against Defendant based on the egregious nature of its conduct, which shocks the conscience and violates public policy.

7. Plaintiff Michelle Pierce further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: November 22, 2016

*[signature]*
Isaac D. Zorea
ABA No. 0011090
Counsel for Michelle Pierce